FILED

2021 Mar-01  AM 10:40
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| Susan Meredith, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Receivable Management Group, Inc., a | ) | |
| Georgia corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Susan Meredith, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's

collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions

occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3.      Plaintiff, Susan Meredith ("Meredith"), is a citizen of the State of Alabama,

residing in the Northern District of Alabama, from whom Defendant attempted to collect

defaulted consumer debts that she allegedly owed to two medical providers.

4.      Defendant, Receivable Management Group, Inc. ("RMG"), is a Georgia

corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted

consumer debts that it did not originate. RMG operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant RMG was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

5.     Although Defendant RMG is not authorized to conduct business in the State of Alabama, it does, in fact, conduct business in Alabama.

## FACTUAL ALLEGATIONS

6.     Due to financial difficulties, Plaintiff was unable to pay her debts, including debts she allegedly owed to two medical providers. Defendant RMG attempted to collect these debts from her via negative credit reports. Unsure about Defendant RMG, and unsure about the debts, Ms. Meredith consulted with counsel about her debt issues and the debts that RMG was trying to collect.

7.     Accordingly, Ms. Meredith's attorney wrote to Defendant RMG, via letters dated November 9, 2020 and November 12, 2020, to dispute the debts RMG was trying to collect. Copies of these letters are attached as Group Exhibit A.

8.     On January 7, 2021, Ms. Meredith obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant RMG had continued to report the debts, but had failed to note that the debts were disputed. The pertinent part of Ms. Meredith's TransUnion credit report is attached as Exhibit B.

9.     Defendant's violations of the FDCPA were material because Defendant's failure to note that the debts were disputed when Defendant reported, or continued to report, the debts on Plaintiff's credit report impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debts on

Plaintiff's credit report, that the debts were disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debts. Defendant's collection actions alarmed, confused and distressed Ms. Meredith, and impacted her credit score.

10.    All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11.    Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False or Misleading Representations**

12.    Plaintiff adopts and realleges ¶¶ 1-11.

13.    Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

14.    Defendant, by continuing to report the debts to a credit reporting agency, when it knew the debts were disputed by Plaintiff, and by failing to report that the debts

3

were disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

15.     Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

16.     Plaintiff adopts and realleges ¶¶ 1-11.

17.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

18.     Defendant, by continuing to report the debts to a credit reporting agency, when it knew the debts were disputed by Plaintiff, and by failing to report that the debts were disputed, used unfair or unconscionable means to collect, or attempt to collect, a debt, in violation of § 1692f of the FDCPA.

19.     Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Susan Meredith, prays that this Court:

1.     Find that Defendant's collection practices violate the FDCPA;

2.     Enter judgment in favor of Plaintiff Meredith, and against Defendant, for

4

actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Susan Meredith, demands trial by jury.

Susan Meredith,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

By: /s/ Bradford W. Botes
One of Plaintiff's Attorneys

Dated: February 26, 2021

David J. Philipps      (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps       (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
bbotes@bondnbotes.com